**Filed**
**D.C. Superior Court**
**10/05/2018 16:15PM**
**Clerk of the Court**

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | |
|---|---|
| MATTHEW SHERMAN<br>c/o Klaproth Law PLLC<br>406 5th Street NW, Suite 350<br>Washington, DC 20001<br><br>    Plaintiff.<br><br>      v.<br><br>GALLAUDET UNIVERSITY<br>800 Florida Avenue, NE<br>Washington, DC 20002<br><br>NATHANIEL PALACIOS<br>800 Florida Avenue, NE<br>Washington, DC 20002<br><br>KEVIN COREAS<br>800 Florida Avenue, NE<br>Washington, DC 20002<br><br>    Defendants. | Case No.  **2018 CA 007735 B** |

## COMPLAINT AND JURY DEMAND

Plaintiff Matthew Sherman ("Matthew," "Mr. Sherman" or "Plaintiff"), by his attorneys, alleges for his Complaint the following:

### PRELIMINARY STATEMENT

1.     Gallaudet, a university that touts itself as "the premier institution for learning, teaching and research for deaf and hard-of-hearing students" beat, bound, and gagged one of its students simply for requesting that a staff member be present to interpret on behalf of the deaf students during an encounter with university police. Matthew Sherman  brings this lawsuit against Defendants in connection with the assault, battery, false imprisonment, and malicious prosecution he endured at the hands of his university -- Gallaudet University.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this claim pursuant to D.C. Code § 11-921(a)(6) and D.C. Code § 2-1403.16.

3.      This Court has personal jurisdiction over the Defendants pursuant to D.C. Code § 13-423(a)(1)-(4).

4.      The acts alleged in this Complaint occurred in the District of Columbia and therefore venue is proper in this jurisdiction.

**PARTIES AND RELEVANT PERSONS**

5.      Plaintiff Matthew Sherman is a resident of the District of Columbia.

6.      Defendant Gallaudet University ("Gallaudet") is an educational institution with its principal place of business located in the District of Columbia.  Defendant Gallaudet conducts substantial business activities in the District of Columbia. At all times relevant, Defendant Gallaudet acted by and through its agents, servants, and/or employees within the course and scope of their employment with Gallaudet and in furtherance of Gallaudet's business.

7.      Defendant Nathaniel Palacios is employed by Gallaudet as the Assistant Supervisor for Community Policing within the Department of Public Safety at Gallaudet University.

8.      Defendant Kevin Coreas is employed by Gallaudet as a public safety officer within the Department of Public Safety at Gallaudet University.

**FACTS COMMON TO ALL COUNTS**

9.      Matthew Sherman is a junior student at Gallaudet University. He has excelled at Gallaudet academically and is on the Dean's List. He has also been very active in the University as a member of the basketball team and a Senator with the student government.

10.     Matthew's positive experience with Gallaudet changed drastically on December 3, 2017 during his sophmore year.

11.     On December 3, 2017, Matthew stopped by a friend's dorm room in Benson Hall shortly after returning home from the Gallaudet's men's basketball game in New Jersey. There were approximately 20 students present in the dorm room.

12.     Shortly after Matthew arrived in the dorm room, two campus officers with the Department of Public Safety ("DPS") arrived at the dorm room. The two DPS Officers were Defendants Palacios and Coreas. Both Officers entered the dorm room, without authority to do so, and without a Coordinator of Residence Education ("CRE") or a Staff Residential Assistant ("SRA") in violation of the University policies.

13.     Matthew, who was near the door of the dorm room, attempted to communicate with the Officers and requested that a CRE be present. Matthew signed "where is the CRE?" Officer Coreas did not respond in sign language, but instead began shouting in Matthew's face. Matthew again inquired "Where is the CRE?" The Officers ignored Matthew and continued to shout in Matthew's face.

14.     Suddenly, and without any provocation, Officer Coreas grabbed Matthew and slammed him face first into the wall.  The impact split open Matthew's eyebrow and was so forceful, it left a dent in the wall. Matthew was then handcuffed with his hands behind his back—depriving him of his ability to communicate.

15.     Matthew was then placed in the hallway. As he stood bleeding in the hallway, Mr, Sherman attempted to sign despite his hands being restrained, but Officer Coreas forcefully held Matthew's hands and shouted in his face to sit.



16.    Matthew was then placed on the floor, with his back (and hands) up against the wall.

He sat on the floor hallway, up against the wall with his hands cuffed behind his back and bleeding.

Unable to communicate, he was effectively gagged by the DPS officers. His ability to

communicate was stifled.



17.    The CRE did not arrive until after Matthew had already been beaten, handcuffed

and arrested. DPS then called the Washington DC Metropolitan Police Department (MPD) to the scene.

18.     Based on the statements by the DPS Officers, Matthew was transferred into MPD custody and taken to Providence Hospital for medical assistance for the trauma to his face.

19.     After medical treatment, Matthew was held in jail for approximately 36 hours. During this detention, he was still unable to communicate with the jail staff and was not provided with an interpreter and he repeatedly asked for a paper and pencil, but those requests were ignored for over 20 hours into his detention.

20.     Matthew later learned that the DPS Officers arrested Matthew for Assault on a Police Officer, even though Matthew had never contacted either Officer Coreas or Palacios.

21.     On December 4, 2017, the U.S. Attorney's Office dropped the trumped-up, bogus charges.

**COUNT I – ASSAULT**
**(All Defendants)**

22.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

23.     By violently pushing and throwing Plaintiff into the wall Defendants, by and through their employees and/or agents who were acting within the scope of their employment, intended to create, and did create, a reasonable apprehension of imminent and harmful and/or offensive contact in Plaintiff.

24.     As a result of this apprehension of an imminent physical harm and/or offensive contact, Plaintiff suffered (and will continue to suffer in the future) pain, suffering, physical injury, emotional distress, humiliation, loss of dignity, and mental anguish.

25.    WHEREFORE, Plaintiff demands judgment against Defendants, joint and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

## COUNT II – BATTERY
### (All Defendants)

26.    Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

27.    By violently pushing and throwing Plaintiff into a wall, Defendants by and through their employees and agents, who were acting within the course and scope of their employment, repeatedly and intentionally touched Plaintiff without Plaintiff's consent in a harmful and offensive manner.

28.    As a result of this harmful and offensive touching, Plaintiff suffered (and will continue to suffer in the future) pain, suffering, physical injury, emotional distress, humiliation, loss of dignity, and mental anguish.

29.    WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

## COUNT III
## NEGLIGENCE
### (All Defendants)

30.    Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

31.    Defendants owed a duty to Plaintiff to exercise ordinary care in the performance of providing campus security at Gallaudet University; to act in a reasonable manner in carrying

6

out their duties; to perform their duties using common sense; to provide needed medical care; and to control their campus security personnel to as to avoid injuring Plaintiff.

32.    Defendants breached this duty owed to Plaintiff by failing to exercise ordinary care in the performance of providing campus security at Gallaudet University; failing to act in a reasonable manner in carrying out their duties; failing to perform their duties using common sense; failing to provide medical care; and failing to control their campus security guards so as to avoid injuring Mr. Sherman.

33.    As a direct and proximate result of the above-referenced breach of duty by Defendants, Plaintiff suffered serious bodily injuries; suffered great physical pain, suffering, emotional distress, and mental anguish; will continue to suffer great physical pain, suffering, and mental anguish in the future; incurred medical and other related expenses; will continue to incur medical and other related expenses in the future; lost wages; and suffered other damages.

34.    WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

### COUNT IV
### NEGLIGENT HIRING, TRAINING, AND SUPERVISION
### (Gallaudet University Only)

35.    Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

36.    Defendant Gallaudet University had a duty to train its employees and to supervise their employees. The Gallaudet University breached its duty to exercise reasonable care by acting negligently and recklessly in the following specific respects and without limitation:

      a.  Failing to provide formal training to the campus security guards;

b. Failing to supervise the security guards working at the Unversity on December 3, 2017;

c. Failing to adopt policies for its employees to ensure that students are not attacked and subject to excessive force;

d. Hiring campus security guards with violent tendencies and/or lack sufficient experience in interacting with deaf students;

e. Failing to conduct background checks prior to hiring security personnel;

f. Failing to discipline employees for using excessive force and/or injuring students;

g. Failing to terminate campus security guards that use excessive force and/or injure students;

h. Failing to train campus security guards to use sign language when interacting with deaf students;

i. Failing to hire campus security guards that are proficient in using sign language;

j. Failing to supervise campus security guards that cannot communicate with students using sign language; and,

k. Failing to have a CRE or SRA present during the attack and false arrest against Plaintiff on December 3, 2017.

37.     It was foreseeable to Defendant Gallaudent University that the failure to train and supervise its employees, would result in injuries to students, such as Mr. Sherman, and cause those students harm. As a direct and proximate result of the Defendants' failure to exercise due care, Plaintiff has suffered and will continue to suffer much physical pain and mental anguish; has incurred medical expenses and will continue to incur medical expenses; and has suffered and will continue to suffer mental and physical pain, and emotional distress.

38.     WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (All Defendants)

39.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

40.     The assault and battery committed by the DPS (within the scope and agency of their employment by Defendant Gallaudent University) as described above constituted extreme and outrageous conduct.

41.     By committing this extreme and outrageous conduct, Defendants intentionally and/or recklessly caused Plaintiff to suffer severe emotional distress.

42.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

## COUNT VI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (All Defendants)

43.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

44.     At all times relevant during the commission of the negligent acts described above, Mr. Sherman was in the zone of physical danger.

45.     As a result of Defendants' negligence, Mr. Sherman feared for his own safety and suffered severe emotional distress.

46.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

## COUNT VII
## FALSE ARREST AND FALSE IMPRISONMENT
### (All Defendants)

47.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

48.     Defendants unlawfully deprived Mr. Sherman of his liberty by: (1) handcuffing him; (2) holding his hands to prevent him from communicating via sign language; (3) pushing him into the wall and then down to the floor; (4) falsely arresting him; and (5) placing him in a jail cell where he was restrained against his will. The detention was unlawful as Defendants had no legal justification for detaining Mr. Sherman.

49.     As a direct and proximate result of Defendants' unlawful detention and false imprisonment, Mr. Sherman suffered and continues to suffer damages in an amount to be proven at trial.

50.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

## COUNT VIII
## ABUSE OF PROCESS
### (All Defendants)

51.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

52.     Defendants abused and perverted the criminal process by initiating the criminal charges for assault on a police officer by acting with the ulterior motive to cover up their misconduct, assault, and battery against Mr. Sherman.

53.     The process was instituted by Defendants to achieve a result, not regularly or

10

legally obtainable to Defendants—the prosecution of Mr. Sherman for assault on a police officer even though Mr. Sherman committed no such act. Defendants filed false charges that resulted in the false arrest of Mr. Sherman. Defendants' subversion of the criminal process is demonstrated by the fact that the U.S. Attorney's Office "no papered" the criminal case on December 4, 2017 and the fact that the D.C. Superior Court "credit[ed Mr. Sherman's] version of the events that led up to the [his] arrest, and f[ound] by a preponderance of the evidence that [Mr. Sherman] did not commit the offense" for which he was arrested.

54.     As a direct and proximate result of Defendants' abuse of process, Mr. Sherman suffered and continues to suffer damages in an amount to be proven at trial.

55.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

### COUNT IX
### MALICIOUS PROSECUTION
### (All Defendants)

56.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

57.     Defendants maliciously initiated a criminal action against the Plaintiff by charging Plaintiff with assault on a police officer despite the fact that Mr. Sherman never touched or threatened Officer Coreas and Palacios. Defendants brought the false charge against Mr. Sherman in an effort to cover up their misconduct, assault, and battery against Mr. Sherman.

58.     Defendants lacked probable cause to initiate the criminal action.

59.     Defendants initiation of the criminal case caused the arrest and seizure of Mr. Sherman which caused him injury.

60.    The criminal action was terminated in favor of Mr. Sherman as the U.S. Attorney's Office "no papered" the case on December 4, 2017. The D.C. Superior Court "credit[ed Mr. Sherman's] version of the events that led up to the [his] arrest, and f[ound] by a preponderance of the evidence that [Mr. Sherman] did not commit the offense" for which he was arrested.

61.    As a direct and proximate result of Defendants' malicious prosecution, Mr. Sherman suffered and continues to suffer damages in an amount to be proven at trial.

62.    WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

### PRAYER FOR RELIEF

Plaintiff prays for relief in the form of a judgment against Defendants jointly and severally awarding Plaintiff: (1) compensatory and punitive damages; (2) his costs, expenses and attorney's fees and; (3) all legal or equitable relief available; (4) pre-and post-judgment interest; and (5) any other relief the Court deems proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury with respect to each claim in this Complaint.

Respectfully submitted,

KLAPROTH LAW PLLC

BY:    /s/ Brendan J. Klaproth
Brendan J. Klaproth (D.C. Bar No. 999360)
406 5th Street NW, Suite 350
Washington, DC 20001
Telephone: 202-618-2344
Email: Bklaproth@klaprothlaw.com

12

AND:

SCROFANO LAW PC

/s/ Christopher J. Mutimer

Christopher J. Mutimer, Esq.   (DC  Bar No. 1011284)
406 5th Street NW
Suite 130
Washington, DC 20001
Ph: (202) 670-2390
cjm@scrofanolaw.com
*Attorneys for Plaintiff*



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

MATTHEW SHERMAN
_____
                                    Plaintiff

                    vs.                                    Case Number _____

GALLAUDET UNIVERSITY
_____
                                    Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Brendan J. Klaproth, Klaproth Law PLLC                    *Clerk of the Court*
_____
Name of Plaintiff's Attorney
        406 5th St. NW, Suite 350
_____        By _____
Address                                                        Deputy Clerk
        Washington, DC 20001
_____
        202-618-2344
_____        Date _____
Telephone
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





### TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
#### DIVISIÓN CIVIL
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

MATTHEW SHERMAN

_____
                                    Demandante

            contra

GALLAUDET UNIVERSITY                                    Número de Caso: _____
_____
                                    Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Brendan J. Klaproth, Klaproth Law PLLC                    _SECRETARIO DEL TRIBUNAL_
Nombre del abogado del Demandante
            406 5th St. NW, Suite 350
_____         Por: _____
Dirección                                              Subsecretario
            Washington, DC 20001

            202-618-2344                    Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요          ያለኛተርጓሚ ያስፈልጎት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

MATTHEW SHERMAN
    Vs.                                  C.A. No.     2018 CA 007735 B
GALLAUDET UNIVERSITY et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                          Chief Judge Robert E. Morin

Case Assigned to: Judge ANTHONY C EPSTEIN
Date:  November 5, 2018
Initial Conference: 9:30 am, Friday, February 01, 2019
Location:  Courtroom 200
             500 Indiana Avenue N.W.
             WASHINGTON, DC 20001

                                                                  CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief    Judge    Robert    E.    Morin

CAIO-60

Filed
D.C. Superior Court
10/05/2018 16:19PM
Clerk of the Court

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | |
|---|---|
| MATTHEW SHERMAN<br>c/o Klaproth Law PLLC<br>406 5th Street NW, Suite 350<br>Washington, DC 20001<br><br>     Plaintiff.<br><br>     v.<br><br>GALLAUDET UNIVERSITY<br>800 Florida Avenue, NE<br>Washington, DC 20002<br><br>NATHANIEL PALACIOS<br>800 Florida Avenue, NE<br>Washington, DC 20002<br><br>KEVIN COREAS<br>800 Florida Avenue, NE<br>Washington, DC 20002<br><br>     Defendants. | Case No.  2018 CA 007735 B |

## COMPLAINT AND JURY DEMAND

Plaintiff Matthew Sherman ("Matthew," "Mr. Sherman" or "Plaintiff"), by his attorneys, alleges for his Complaint the following:

### PRELIMINARY STATEMENT

1.     Gallaudet, a university that touts itself as "the premier institution for learning, teaching and research for deaf and hard-of-hearing students" beat, bound, and gagged one of its students simply for requesting that a staff member be present to interpret on behalf of the deaf students during an encounter with university police. Matthew Sherman  brings this lawsuit against Defendants in connection with the assault, battery, false imprisonment, and malicious prosecution he endured at the hands of his university -- Gallaudet University.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this claim pursuant to D.C. Code § 11-921(a)(6) and D.C. Code § 2-1403.16.

3.      This Court has personal jurisdiction over the Defendants pursuant to D.C. Code § 13-423(a)(1)-(4).

4.      The acts alleged in this Complaint occurred in the District of Columbia and therefore venue is proper in this jurisdiction.

## PARTIES AND RELEVANT PERSONS

5.      Plaintiff Matthew Sherman is a resident of the District of Columbia.

6.      Defendant Gallaudet University ("Gallaudet") is an educational institution with its principal place of business located in the District of Columbia.  Defendant Gallaudet conducts substantial business activities in the District of Columbia. At all times relevant, Defendant Gallaudet acted by and through its agents, servants, and/or employees within the course and scope of their employment with Gallaudet and in furtherance of Gallaudet's business.

7.      Defendant Nathaniel Palacios is employed by Gallaudet as the Assistant Supervisor for Community Policing within the Department of Public Safety at Gallaudet University.

8.      Defendant Kevin Coreas is employed by Gallaudet as a public safety officer within the Department of Public Safety at Gallaudet University.

## FACTS COMMON TO ALL COUNTS

9.      Matthew Sherman is a junior student at Gallaudet University. He has excelled at Gallaudet academically and is on the Dean's List. He has also been very active in the University as a member of the basketball team and a Senator with the student government.

2

10.     Matthew's positive experience with Gallaudet changed drastically on December 3, 2017 during his sophmore year.

11.     On December 3, 2017, Matthew stopped by a friend's dorm room in Benson Hall shortly after returning home from the Gallaudet's men's basketball game in New Jersey. There were approximately 20 students present in the dorm room.

12.     Shortly after Matthew arrived in the dorm room, two campus officers with the Department of Public Safety ("DPS") arrived at the dorm room. The two DPS Officers were Defendants Palacios and Coreas. Both Officers entered the dorm room, without authority to do so, and without a Coordinator of Residence Education ("CRE") or a Staff Residential Assistant ("SRA") in violation of the University policies.

13.     Matthew, who was near the door of the dorm room, attempted to communicate with the Officers and requested that a CRE be present. Matthew signed "where is the CRE?" Officer Coreas did not respond in sign language, but instead began shouting in Matthew's face. Matthew again inquired "Where is the CRE?" The Officers ignored Matthew and continued to shout in Matthew's face.

14.     Suddenly, and without any provocation, Officer Coreas grabbed Matthew and slammed him face first into the wall.  The impact split open Matthew's eyebrow and was so forceful, it left a dent in the wall. Matthew was then handcuffed with his hands behind his back—depriving him of his ability to communicate.

15.     Matthew was then placed in the hallway. As he stood bleeding in the hallway, Mr, Sherman attempted to sign despite his hands being restrained, but Officer Coreas forcefully held Matthew's hands and shouted in his face to sit.



16.    Matthew was then placed on the floor, with his back (and hands) up against the wall.

He sat on the floor hallway, up against the wall with his hands cuffed behind his back and bleeding.

Unable to communicate, he was effectively gagged by the DPS officers. His ability to

communicate was stifled.



17.    The CRE did not arrive until after Matthew had already been beaten, handcuffed

and arrested.  DPS then called the Washington DC Metropolitan Police Department (MPD) to the scene.

18.     Based on the statements by the DPS Officers, Matthew was transferred into MPD custody and taken to Providence Hospital for medical assistance for the trauma to his face.

19.     After medical treatment, Matthew was held in jail for approximately 36 hours. During this detention, he was still unable to communicate with the jail staff and was not provided with an interpreter and he repeatedly asked for a paper and pencil, but those requests were ignored for over 20 hours into his detention.

20.     Matthew later learned that the DPS Officers arrested Matthew for Assault on a Police Officer, even though Matthew had never contacted either Officer Coreas or Palacios.

21.     On December 4, 2017, the U.S. Attorney's Office dropped the trumped-up, bogus charges.

**COUNT I – ASSAULT**
**(All Defendants)**

22.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

23.     By violently pushing and throwing Plaintiff into the wall Defendants, by and through their employees and/or agents who were acting within the scope of their employment, intended to create, and did create, a reasonable apprehension of imminent and harmful and/or offensive contact in Plaintiff.

24.     As a result of this apprehension of an imminent physical harm and/or offensive contact, Plaintiff suffered (and will continue to suffer in the future) pain, suffering, physical injury, emotional distress, humiliation, loss of dignity, and mental anguish.

5

25.     WHEREFORE, Plaintiff demands judgment against Defendants, joint and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

### COUNT II – BATTERY
### (All Defendants)

26.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

27.     By violently pushing and throwing Plaintiff into a wall, Defendants by and through their employees and agents, who were acting within the course and scope of their employment, repeatedly and intentionally touched Plaintiff without Plaintiff's consent in a harmful and offensive manner.

28.     As a result of this harmful and offensive touching, Plaintiff suffered (and will continue to suffer in the future) pain, suffering, physical injury, emotional distress, humiliation, loss of dignity, and mental anguish.

29.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

### COUNT III
### NEGLIGENCE
### (All Defendants)

30.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

31.     Defendants owed a duty to Plaintiff to exercise ordinary care in the performance of providing campus security at Gallaudet University; to act in a reasonable manner in carrying

out their duties; to perform their duties using common sense; to provide needed medical care; and to control their campus security personnel to as to avoid injuring Plaintiff.

32.     Defendants breached this duty owed to Plaintiff by failing to exercise ordinary care in the performance of providing campus security at Gallaudet University; failing to act in a reasonable manner in carrying out their duties; failing to perform their duties using common sense; failing to provide medical care; and failing to control their campus security guards so as to avoid injuring Mr. Sherman.

33.     As a direct and proximate result of the above-referenced breach of duty by Defendants, Plaintiff suffered serious bodily injuries; suffered great physical pain, suffering, emotional distress, and mental anguish; will continue to suffer great physical pain, suffering, and mental anguish in the future; incurred medical and other related expenses; will continue to incur medical and other related expenses in the future; lost wages; and suffered other damages.

34.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

**COUNT IV**
**NEGLIGENT HIRING, TRAINING, AND SUPERVISION**
**(Gallaudet University Only)**

35.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

36.     Defendant Gallaudet University had a duty to train its employees and to supervise their employees.  The Gallaudet University breached its duty to exercise reasonable care by acting negligently and recklessly in the following specific respects and without limitation:

a.  Failing to provide formal training to the campus security guards;

7

b. Failing to supervise the security guards working at the Unversity on December 3, 2017;

c. Failing to adopt policies for its employees to ensure that students are not attacked and subject to excessive force;

d. Hiring campus security guards with violent tendencies and/or lack sufficient experience in interacting with deaf students;

e. Failing to conduct background checks prior to hiring security personnel;

f. Failing to discipline employees for using excessive force and/or injuring students;

g. Failing to terminate campus security guards that use excessive force and/or injure students;

h. Failing to train campus security guards to use sign language when interacting with deaf students;

i. Failing to hire campus security guards that are proficient in using sign language;

j. Failing to supervise campus security guards that cannot communicate with students using sign language; and,

k. Failing to have a CRE or SRA present during the attack and false arrest against Plaintiff on December 3, 2017.

37.     It was foreseeable to Defendant Gallaudent University that the failure to train and supervise its employees, would result in injuries to students, such as Mr. Sherman, and cause those students harm.  As a direct and proximate result of the Defendants' failure to exercise due care, Plaintiff has suffered and will continue to suffer much physical pain and mental anguish; has incurred medical expenses and will continue to incur medical expenses; and has suffered and will continue to suffer mental and physical pain, and emotional distress.

38.     WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

8

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (All Defendants)

39.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

40.     The assault and battery committed by the DPS (within the scope and agency of their employment by Defendant Gallaudent University) as described above constituted extreme and outrageous conduct.

41.     By committing this extreme and outrageous conduct, Defendants intentionally and/or recklessly caused Plaintiff to suffer severe emotional distress.

42.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

## COUNT VI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (All Defendants)

43.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

44.     At all times relevant during the commission of the negligent acts described above, Mr. Sherman was in the zone of physical danger.

45.     As a result of Defendants' negligence, Mr. Sherman feared for his own safety and suffered severe emotional distress.

46.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

9

## COUNT VII
### FALSE ARREST AND FALSE IMPRISONMENT
### (All Defendants)

47.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

48.     Defendants unlawfully deprived Mr. Sherman of his liberty by: (1) handcuffing him; (2) holding his hands to prevent him from communicating via sign language; (3) pushing him into the wall and then down to the floor; (4) falsely arresting him; and (5) placing him in a jail cell where he was restrained against his will. The detention was unlawful as Defendants had no legal justification for detaining Mr. Sherman.

49.     As a direct and proximate result of Defendants' unlawful detention and false imprisonment, Mr. Sherman suffered and continues to suffer damages in an amount to be proven at trial.

50.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

## COUNT VIII
### ABUSE OF PROCESS
### (All Defendants)

51.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

52.     Defendants abused and perverted the criminal process by initiating the criminal charges for assault on a police officer by acting with the ulterior motive to cover up their misconduct, assault, and battery against Mr. Sherman.

53.     The process was instituted by Defendants to achieve a result, not regularly or

10

legally obtainable to Defendants—the prosecution of Mr. Sherman for assault on a police officer

even though Mr. Sherman committed no such act.  Defendants filed false charges that resulted in

the false arrest of Mr. Sherman.  Defendants' subversion of the criminal process is demonstrated

by the fact that the U.S. Attorney's Office "no papered" the criminal case on December 4, 2017

and the fact that the D.C. Superior Court "credit[ed Mr. Sherman's] version of the events that led

up to the [his] arrest, and f[ound] by a preponderance of the evidence that [Mr. Sherman] did not

commit the offense" for which he was arrested.

54.     As a direct and proximate result of Defendants' abuse of process, Mr. Sherman

suffered and continues to suffer damages in an amount to be proven at trial.

55.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and

severally, for compensatory and punitive damages, as well as costs, fees and pre and post

judgment interest and such further relief the Court deems just and proper.

## COUNT IX
## MALICIOUS PROSECUTION
### (All Defendants)

56.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth

herein.

57.     Defendants maliciously initiated a criminal action against the Plaintiff by charging

Plaintiff with assault on a police officer despite the fact that Mr. Sherman never touched or

threatened Officer Coreas and Palacios. Defendants brought the false charge against Mr.

Sherman in an effort to cover up their misconduct, assault, and battery against Mr. Sherman.

58.     Defendants lacked probable cause to initiate the criminal action.

59.     Defendants initiation of the criminal case caused the arrest and seizure of Mr.

Sherman which caused him injury.

11

60.     The criminal action was terminated in favor of Mr. Sherman as the U.S.
Attorney's Office "no papered" the case on December 4, 2017. The D.C. Superior Court
"credit[ed Mr. Sherman's] version of the events that led up to the [his] arrest, and f[ound] by a
preponderance of the evidence that [Mr. Sherman] did not commit the offense" for which he was
arrested.

61.     As a direct and proximate result of Defendants' malicious prosecution, Mr.
Sherman suffered and continues to suffer damages in an amount to be proven at trial.

62.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and
severally, for compensatory and punitive damages, as well as costs, fees and pre and post
judgment interest and such further relief the Court deems just and proper.

## PRAYER FOR RELIEF

Plaintiff prays for relief in the form of a judgment against Defendants jointly and
severally awarding Plaintiff: (1) compensatory and punitive damages; (2) his costs, expenses and
attorney's fees and; (3) all legal or equitable relief available; (4) pre-and post-judgment interest;
and (5) any other relief the Court deems proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury with respect to each claim in this Complaint.

Respectfully submitted,

KLAPROTH LAW PLLC

BY:     /s/ Brendan J. Klaproth
        _____
        Brendan J. Klaproth (D.C. Bar No. 999360)
        406 5th Street NW, Suite 350
        Washington, DC 20001
        Telephone: 202-618-2344
        Email: Bklaproth@klaprothlaw.com

AND:

SCROFANO LAW PC

/s/ Christopher J. Mutimer

Christopher J. Mutimer, Esq.   (DC  Bar No. 1011284)
406 5th Street NW
Suite 130
Washington, DC 20001
Ph: (202) 670-2390
cjm@scrofanolaw.com
*Attorneys for Plaintiff*

13



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

MATTHEW SHERMAN
_____
                                        Plaintiff

vs.                                          Case Number _____

NATHANIEL PALACIOS
_____
                                        Defendant

**SUMMONS**

To the above named Defendant:

   You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

   You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Brendan J. Klaproth, Klaproth Law PLLC
_____        *Clerk of the Court*
Name of Plaintiff's Attorney
      406 5th St. NW, Suite 350
_____        By _____
Address                                                        Deputy Clerk
      Washington, DC 20001
_____
      202-618-2344
_____        Date _____
Telephone

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ከፈለጉ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

   If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

MATTHEW SHERMAN

                       Demandante

contra

NATHANIEL PALACIOS

                       Demandado

Número de Caso: _____

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Brendan J. Klaproth, Klaproth Law PLLC
Nombre del abogado del Demandante
    406 5th St. NW, Suite 350

*SECRETARIO DEL TRIBUNAL*

Por: _____

Dirección    Washington, DC 20001
             Subsecretario

    202-618-2344
Fecha _____

Teléfono
如需翻译,请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

MATTHEW SHERMAN
    Vs.                                   C.A. No.     2018 CA 007735 B
GALLAUDET UNIVERSITY et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge ANTHONY C EPSTEIN
Date:  November 5, 2018
Initial Conference: 9:30 am, Friday, February 01, 2019
Location:   Courtroom 200
                500 Indiana Avenue N.W.
                WASHINGTON, DC  20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E. Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

**Filed**
**D.C. Superior Court**
**10/05/2018 16:19PM**
**Clerk of the Court**

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | |
|---|---|
| MATTHEW SHERMAN<br>c/o Klaproth Law PLLC<br>406 5th Street NW, Suite 350<br>Washington, DC 20001 | |
| Plaintiff. | Case No.  2018 CA 007735 B |
| v. | |
| GALLAUDET UNIVERSITY<br>800 Florida Avenue, NE<br>Washington, DC 20002 | |
| NATHANIEL PALACIOS<br>800 Florida Avenue, NE<br>Washington, DC 20002 | |
| KEVIN COREAS<br>800 Florida Avenue, NE<br>Washington, DC 20002 | |
| Defendants. | |

### COMPLAINT AND JURY DEMAND

Plaintiff Matthew Sherman ("Matthew," "Mr. Sherman" or "Plaintiff"), by his attorneys, alleges for his Complaint the following:

### PRELIMINARY STATEMENT

1.      Gallaudet, a university that touts itself as "the premier institution for learning, teaching and research for deaf and hard-of-hearing students" beat, bound, and gagged one of its students simply for requesting that a staff member be present to interpret on behalf of the deaf students during an encounter with university police. Matthew Sherman  brings this lawsuit against Defendants in connection with the assault, battery, false imprisonment, and malicious prosecution he endured at the hands of his university -- Gallaudet University.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this claim pursuant to D.C. Code § 11-921(a)(6) and D.C. Code § 2-1403.16.

3.      This Court has personal jurisdiction over the Defendants pursuant to D.C. Code § 13-423(a)(1)-(4).

4.      The acts alleged in this Complaint occurred in the District of Columbia and therefore venue is proper in this jurisdiction.

**PARTIES AND RELEVANT PERSONS**

5.      Plaintiff Matthew Sherman is a resident of the District of Columbia.

6.      Defendant Gallaudet University ("Gallaudet") is an educational institution with its principal place of business located in the District of Columbia.  Defendant Gallaudet conducts substantial business activities in the District of Columbia. At all times relevant, Defendant Gallaudet acted by and through its agents, servants, and/or employees within the course and scope of their employment with Gallaudet and in furtherance of Gallaudet's business.

7.      Defendant Nathaniel Palacios is employed by Gallaudet as the Assistant Supervisor for Community Policing within the Department of Public Safety at Gallaudet University.

8.      Defendant Kevin Coreas is employed by Gallaudet as a public safety officer within the Department of Public Safety at Gallaudet University.

**FACTS COMMON TO ALL COUNTS**

9.      Matthew Sherman is a junior student at Gallaudet University. He has excelled at Gallaudet academically and is on the Dean's List. He has also been very active in the University as a member of the basketball team and a Senator with the student government.

2

10.     Matthew's positive experience with Gallaudet changed drastically on December 3, 2017 during his sophmore year.

11.     On December 3, 2017, Matthew stopped by a friend's dorm room in Benson Hall shortly after returning home from the Gallaudet's men's basketball game in New Jersey. There were approximately 20 students present in the dorm room.

12.     Shortly after Matthew arrived in the dorm room, two campus officers with the Department of Public Safety ("DPS") arrived at the dorm room. The two DPS Officers were Defendants Palacios and Coreas. Both Officers entered the dorm room, without authority to do so, and without a Coordinator of Residence Education ("CRE") or a Staff Residential Assistant ("SRA") in violation of the University policies.

13.     Matthew, who was near the door of the dorm room, attempted to communicate with the Officers and requested that a CRE be present. Matthew signed "where is the CRE?" Officer Coreas did not respond in sign language, but instead began shouting in Matthew's face. Matthew again inquired "Where is the CRE?" The Officers ignored Matthew and continued to shout in Matthew's face.

14.     Suddenly, and without any provocation, Officer Coreas grabbed Matthew and slammed him face first into the wall.  The impact split open Matthew's eyebrow and was so forceful, it left a dent in the wall. Matthew was then handcuffed with his hands behind his back—depriving him of his ability to communicate.

15.     Matthew was then placed in the hallway. As he stood bleeding in the hallway, Mr, Sherman attempted to sign despite his hands being restrained, but Officer Coreas forcefully held Matthew's hands and shouted in his face to sit.

3



16.     Matthew was then placed on the floor, with his back (and hands) up against the wall.

He sat on the floor hallway, up against the wall with his hands cuffed behind his back and bleeding.

Unable to communicate, he was effectively gagged by the DPS officers. His ability to

communicate was stifled.



17.     The CRE did not arrive until after Matthew had already been beaten, handcuffed

and arrested. DPS then called the Washington DC Metropolitan Police Department (MPD) to the scene.

18.     Based on the statements by the DPS Officers, Matthew was transferred into MPD custody and taken to Providence Hospital for medical assistance for the trauma to his face.

19.     After medical treatment, Matthew was held in jail for approximately 36 hours. During this detention, he was still unable to communicate with the jail staff and was not provided with an interpreter and he repeatedly asked for a paper and pencil, but those requests were ignored for over 20 hours into his detention.

20.     Matthew later learned that the DPS Officers arrested Matthew for Assault on a Police Officer, even though Matthew had never contacted either Officer Coreas or Palacios.

21.     On December 4, 2017, the U.S. Attorney's Office dropped the trumped-up, bogus charges.

## COUNT I – ASSAULT
### (All Defendants)

22.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

23.     By violently pushing and throwing Plaintiff into the wall Defendants, by and through their employees and/or agents who were acting within the scope of their employment, intended to create, and did create, a reasonable apprehension of imminent and harmful and/or offensive contact in Plaintiff.

24.     As a result of this apprehension of an imminent physical harm and/or offensive contact, Plaintiff suffered (and will continue to suffer in the future) pain, suffering, physical injury, emotional distress, humiliation, loss of dignity, and mental anguish.

5

25.    WHEREFORE, Plaintiff demands judgment against Defendants, joint and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

## COUNT II – BATTERY
### (All Defendants)

26.    Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

27.    By violently pushing and throwing Plaintiff into a wall, Defendants by and through their employees and agents, who were acting within the course and scope of their employment, repeatedly and intentionally touched Plaintiff without Plaintiff's consent in a harmful and offensive manner.

28.    As a result of this harmful and offensive touching, Plaintiff suffered (and will continue to suffer in the future) pain, suffering, physical injury, emotional distress, humiliation, loss of dignity, and mental anguish.

29.    WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

## COUNT III
## NEGLIGENCE
### (All Defendants)

30.    Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

31.    Defendants owed a duty to Plaintiff to exercise ordinary care in the performance of providing campus security at Gallaudet University; to act in a reasonable manner in carrying

out their duties; to perform their duties using common sense; to provide needed medical care; and to control their campus security personnel to as to avoid injuring Plaintiff.

32.    Defendants breached this duty owed to Plaintiff by failing to exercise ordinary care in the performance of providing campus security at Gallaudet University; failing to act in a reasonable manner in carrying out their duties; failing to perform their duties using common sense; failing to provide medical care; and failing to control their campus security guards so as to avoid injuring Mr. Sherman.

33.    As a direct and proximate result of the above-referenced breach of duty by Defendants, Plaintiff suffered serious bodily injuries; suffered great physical pain, suffering, emotional distress, and mental anguish; will continue to suffer great physical pain, suffering, and mental anguish in the future; incurred medical and other related expenses; will continue to incur medical and other related expenses in the future; lost wages; and suffered other damages.

34.    WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

### COUNT IV
### NEGLIGENT HIRING, TRAINING, AND SUPERVISION
#### (Gallaudet University Only)

35.    Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

36.    Defendant Gallaudet University had a duty to train its employees and to supervise their employees. The Gallaudet University breached its duty to exercise reasonable care by acting negligently and recklessly in the following specific respects and without limitation:

      a.   Failing to provide formal training to the campus security guards;

7

    b.  Failing to supervise the security guards working at the Unversity on December 3, 2017;

    c.  Failing to adopt policies for its employees to ensure that students are not attacked and subject to excessive force;

    d.  Hiring campus security guards with violent tendencies and/or lack sufficient experience in interacting with deaf students;

    e.  Failing to conduct background checks prior to hiring security personnel;

    f.  Failing to discipline employees for using excessive force and/or injuring students;

    g.  Failing to terminate campus security guards that use excessive force and/or injure students;

    h.  Failing to train campus security guards to use sign language when interacting with deaf students;

    i.  Failing to hire campus security guards that are proficient in using sign language;

    j.  Failing to supervise campus security guards that cannot communicate with students using sign language; and,

    k.  Failing to have a CRE or SRA present during the attack and false arrest against Plaintiff on December 3, 2017.

37.    It was foreseeable to Defendant Gallaudent University that the failure to train and supervise its employees, would result in injuries to students, such as Mr. Sherman, and cause those students harm. As a direct and proximate result of the Defendants' failure to exercise due care, Plaintiff has suffered and will continue to suffer much physical pain and mental anguish; has incurred medical expenses and will continue to incur medical expenses; and has suffered and will continue to suffer mental and physical pain, and emotional distress.

38.    WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (All Defendants)

39.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

40.     The assault and battery committed by the DPS (within the scope and agency of their employment by Defendant Gallaudent University) as described above constituted extreme and outrageous conduct.

41.     By committing this extreme and outrageous conduct, Defendants intentionally and/or recklessly caused Plaintiff to suffer severe emotional distress.

42.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

## COUNT VI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (All Defendants)

43.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

44.     At all times relevant during the commission of the negligent acts described above, Mr. Sherman was in the zone of physical danger.

45.     As a result of Defendants' negligence, Mr. Sherman feared for his own safety and suffered severe emotional distress.

46.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

9

## COUNT VII
## FALSE ARREST AND FALSE IMPRISONMENT
### (All Defendants)

47.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

48.     Defendants unlawfully deprived Mr. Sherman of his liberty by: (1) handcuffing him; (2) holding his hands to prevent him from communicating via sign language; (3) pushing him into the wall and then down to the floor; (4) falsely arresting him; and (5) placing him in a jail cell where he was restrained against his will. The detention was unlawful as Defendants had no legal justification for detaining Mr. Sherman.

49.     As a direct and proximate result of Defendants' unlawful detention and false imprisonment, Mr. Sherman suffered and continues to suffer damages in an amount to be proven at trial.

50.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

## COUNT VIII
## ABUSE OF PROCESS
### (All Defendants)

51.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

52.     Defendants abused and perverted the criminal process by initiating the criminal charges for assault on a police officer by acting with the ulterior motive to cover up their misconduct, assault, and battery against Mr. Sherman.

53.     The process was instituted by Defendants to achieve a result, not regularly or

10

legally obtainable to Defendants—the prosecution of Mr. Sherman for assault on a police officer even though Mr. Sherman committed no such act.  Defendants filed false charges that resulted in the false arrest of Mr. Sherman.  Defendants' subversion of the criminal process is demonstrated by the fact that the U.S. Attorney's Office "no papered" the criminal case on December 4, 2017 and the fact that the D.C. Superior Court "credit[ed Mr. Sherman's] version of the events that led up to the [his] arrest, and f[ound] by a preponderance of the evidence that [Mr. Sherman] did not commit the offense" for which he was arrested.

54.     As a direct and proximate result of Defendants' abuse of process, Mr. Sherman suffered and continues to suffer damages in an amount to be proven at trial.

55.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

**COUNT IX**
**MALICIOUS PROSECUTION**
**(All Defendants)**

56.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

57.     Defendants maliciously initiated a criminal action against the Plaintiff by charging Plaintiff with assault on a police officer despite the fact that Mr. Sherman never touched or threatened Officer Coreas and Palacios. Defendants brought the false charge against Mr. Sherman in an effort to cover up their misconduct, assault, and battery against Mr. Sherman.

58.     Defendants lacked probable cause to initiate the criminal action.

59.     Defendants initiation of the criminal case caused the arrest and seizure of Mr. Sherman which caused him injury.

11

60.     The criminal action was terminated in favor of Mr. Sherman as the U.S. Attorney's Office "no papered" the case on December 4, 2017. The D.C. Superior Court "credit[ed Mr. Sherman's] version of the events that led up to the [his] arrest, and f[ound] by a preponderance of the evidence that [Mr. Sherman] did not commit the offense" for which he was arrested.

61.     As a direct and proximate result of Defendants' malicious prosecution, Mr. Sherman suffered and continues to suffer damages in an amount to be proven at trial.

62.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

### PRAYER FOR RELIEF

Plaintiff prays for relief in the form of a judgment against Defendants jointly and severally awarding Plaintiff: (1) compensatory and punitive damages; (2) his costs, expenses and attorney's fees and; (3) all legal or equitable relief available; (4) pre-and post-judgment interest; and (5) any other relief the Court deems proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury with respect to each claim in this Complaint.

Respectfully submitted,

KLAPROTH LAW PLLC

BY:     /s/ Brendan J. Klaproth

Brendan J. Klaproth (D.C. Bar No. 999360)
406 5th Street NW, Suite 350
Washington, DC 20001
Telephone: 202-618-2344
Email: Bklaproth@klaprothlaw.com

12

AND:

SCROFANO LAW PC

/s/ Christopher J. Mutimer

Christopher J. Mutimer, Esq.  (DC  Bar No. 1011284)
406 5th Street NW
Suite 130
Washington, DC 20001
Ph: (202) 670-2390
cjm@scrofanolaw.com
*Attorneys for Plaintiff*

13



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

MATTHEW SHERMAN
_____
                                    Plaintiff

                vs.                              · Case Number _____

KEVIN COREAS
_____
                                    Defendant

### SUMMONS

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Brendan J. Klaproth, Klaproth Law PLLC
_____          *Clerk of the Court*
Name of Plaintiff's Attorney
        406 5th St. NW, Suite 350
_____          By _____
Address                                               Deputy Clerk
        Washington, DC 20001
_____
        202-618-2344
_____          Date _____
Telephone
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요        የትርጉም ት·ርጉም· ለማግኘት· (202) 879-4828 ይደውሉ·

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                              CASUM.doc





## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

MATTHEW SHERMAN

_____
Demandante

contra

Número de Caso: _____

KEVIN COREAS

_____
Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Brendan J. Klaproth, Klaproth Law PLLC
_____
Nombre del abogado del Demandante

406 5th St. NW, Suite 350
_____

Dirección        Washington, DC 20001
_____

202-618-2344
_____
Teléfono

SECRETARIO DEL TRIBUNAL

Por: _____
                Subsecretario

Fecha _____

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요         የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

MATTHEW SHERMAN
    Vs.                                               C.A. No.      2018 CA 007735 B
GALLAUDET UNIVERSITY et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge ANTHONY C EPSTEIN
Date:  November 5, 2018
Initial Conference: 9:30 am, Friday, February 01, 2019
Location:  Courtroom 200
            500 Indiana Avenue N.W.
            WASHINGTON, DC  20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin



Form CA 1-A: Notice and Acknowledgment for Service by Mail

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

Matthew Sherman
_____
*Plaintiff(s)*

v.

Case No: 2018 CA 007735 B

Gallaudet University, et al
_____
*Defendant(s)*

**NOTICE**

To (insert name and address of the party to be served):
Gallaudet University
800 Florida Avenue N.E.
Washington, DC 20002

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 11/08/2018

_____

11/08/2018

*Signature*                                     *Date of Signature*

**ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER**

I (print name) Jason Waters _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): 8444 Westpark Drive
Suite 510
McLean, VA 22102

_____          Counsel          11/27/18

*Signature*          *Relationship to Defendant/Authority*   *Date of Signature*
                     *to Receive Service*

Para pedir una traducción, llame al (202) 879-4828          如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction

Để có một bài dịch, hãy gọi (202) 879-4828           የአማርኛ ትርጉም ከፈለጉ ይደውሉ (202) 879-4828 ይደውሉ          번역을 원하시면, (202) 879-4828 로 전화주십시오



Form CA 1-A  Notice and Acknowledgment for Service by Mail

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

Matthew Sherman
_____
          *Plaintiff(s)*

v.                                        Case No:  2018 CA 007735 B

Gallaudet University, et al
_____
          *Defendant(s)*

### NOTICE

To (insert name and address of the party to be served):
Nathaniel Palacios
800 Florida Avenue N.E.
Washington, DC 20002

    The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

    You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

    If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

    If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

    This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date):  11/08/2018        .

_____                                11/08/2018
*Signature*                                            *Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

    I (print name) Jason Waters        received a copy of the summons, complaint and initial order in the above captioned matter at (insert address):  8444 Westpark Drive  Suite 510  McLean, VA 22102

_____     Counsel                    11/27/18
*Signature*                 *Relationship to Defendant/Authority*   *Date of Signature*
                            *to Receive Service*



Form CA 1-A: Notice and Acknowledgment for Service by Mail

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

Matthew Sherman
_____
            *Plaintiff(s)*

            v.

Gallaudet University, et al
_____
            *Defendant(s)*

Case No: 2018 CA 007735 B

## NOTICE

To (insert name and address of the party to be served):
Kevin Coreas
800 Florida Avenue N.E.
Washington, DC 20002

    The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

    You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

    If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

    If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

    This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 11/08/2018

_____
*Signature*

11/08/2018
_____
*Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

    I (print name): Jason Waters received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): 8144 Westpark Drive Suite 510 McLean, VA 22102

_____
*Signature*

counsel
_____
*Relationship to Defendant/Authority to Receive Service*

11/27/18
_____
*Date of Signature*

Filed
D.C. Superior Court
12/19/2018 14:07PM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

MATTHEW SHERMAN
                       :

v.                             :         Case No. 2018 CA 007735 B

GALLAUDET UNIVERSITY, *et al.*  :

### ORDER

Upon consideration of defendants' consent motion for an extension of time to file a pleading in response to plaintiff's complaint, and for good cause shown, the Court orders that:

1.    The consent motion is granted.

2.    Defendants have until and including January 11, 2019 to answer, move, or otherwise respond to the complaint.

*Anthony C Epstein*

—————————————————
Anthony C. Epstein
Judge

Date:  December 14, 2018

Copies to:

Brendan James Klaproth
*Counsel for Plaintiff*

Jason Waters
*Counsel for Defendant*

1

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

|  |  |
|---|---|
| MATTHEW SHERMAN | |
| Plaintiff. | |
| v. | Case No.    2018 CA 7735 B |
| | Judge:       Hon. Judge Yvonne M. Williams |
| GALLAUDET UNIVERSITY, NATHANIEL PALACIOS, AND KEVIN COREAS | Next Event: Initial Conference |
| | February 1, 2019 at 9:30 AM |
| Defendants. | |

## AMENDED COMPLAINT AND JURY DEMAND

Pursuant to D.C. Super. Ct. R. Civ. P. 15(a)(1)(B), Plaintiff Matthew Sherman

("Matthew," "Mr. Sherman" or "Plaintiff") alleges for his Amended Complaint the following:

### PRELIMINARY STATEMENT

1.    Gallaudet, a university that touts itself as "the premier institution for learning,

teaching and research for deaf and hard-of-hearing students" beat, bound, and gagged one of its

students simply for requesting that a staff member be present to interpret on behalf of the deaf

students during an encounter with university police. Matthew Sherman  brings this civil rights

lawsuit against Defendants in connection with the assault, battery, false imprisonment, and

malicious prosecution he endured at the hands of his university -- Gallaudet University.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over this claim pursuant to D.C. Code § 11-921(a)(6)

and D.C. Code § 2-1403.16.

3.    This Court has personal jurisdiction over the Defendants pursuant to D.C. Code §

13-423(a)(1)-(4).

4.      The acts alleged in this Complaint occurred in the District of Columbia and therefore venue is proper in this jurisdiction.

## PARTIES AND RELEVANT PERSONS

5.      Plaintiff Matthew Sherman is a resident of the District of Columbia.

6.      Defendant Gallaudet University ("Gallaudet") is an educational institution with its principal place of business located in the District of Columbia.  Defendant Gallaudet conducts substantial business activities in the District of Columbia. At all times relevant, Defendant Gallaudet acted by and through its agents, servants, and/or employees within the course and scope of their employment with Gallaudet and in furtherance of Gallaudet's business.

7.      Defendant Nathaniel Palacios is employed by Gallaudet as the Assistant Supervisor for Community Policing within the Department of Public Safety at Gallaudet University. At all times relevant, Defendants Palacios and Coreas operated as a joint venture with the common purpose of assaulting, battering, and falsely arresting the Plaintiff.  Defendants Palacios and Coreas had an equal right to control the manner in which the joint operated and control of the assault, battery, and false arrest.  Defendant Palacios is a special police officer as defined by D.C. Code § 5-129.02.

8.      Defendant Kevin Coreas is employed by Gallaudet as a public safety officer within the Department of Public Safety at Gallaudet University. Defendant Coreas is a special police officer as defined by D.C. Code § 5-129.02.

## FACTS COMMON TO ALL COUNTS

9.      Matthew Sherman is a junior student at Gallaudet University. He has excelled at Gallaudet academically and is on the Dean's List. He has also been very active in the University as a member of the basketball team and a Senator with the student government.

2

10.    Matthew's positive experience with Gallaudet changed drastically on December 3, 2017 during his sophmore year.

11.    On December 3, 2017, Matthew stopped by a friend's dorm room in Benson Hall shortly after returning home from the Gallaudet's men's basketball game in New Jersey. There were approximately 20 students present in the dorm room.

12.    Shortly after Matthew arrived in the dorm room, two campus officers with the Department of Public Safety ("DPS") arrived at the dorm room. The two DPS Officers were Defendants Palacios and Coreas. Both Officers entered the dorm room, without authority to do so, and without a Coordinator of Residence Education ("CRE") or a Staff Residential Assistant ("SRA") in violation of the University policies.

13.    Matthew, who was near the door of the dorm room, attempted to communicate with the Officers and requested that a CRE be present. Matthew signed "where is the CRE?" Officer Coreas did not respond in sign language, but instead began shouting in Matthew's face. Matthew again inquired "Where is the CRE?" The Officers ignored Matthew and continued to shout in Matthew's face. Because Matthew is deaf, which Defendants knew, Matthew was unable to understand or comprehend anything Coreas shouted in Matthew's face.

14.    Suddenly, and without any provocation, Officer Coreas grabbed Matthew and slammed him face first into the wall.  Matthew was fearful of the imminent forceful and harmful impact as Coreas slammed Matthew into the wall face first. The impact split open Matthew's eyebrow and was so forceful, it left a dent in the wall. Matthew was then handcuffed with his hands behind his back—depriving him of his ability to communicate.

15.    Matthew was then placed in the hallway. As he stood bleeding in the hallway, Mr, Sherman attempted to sign despite his hands being restrained, but Officer Coreas forcefully held

3

Matthew's hands and shouted in his face to sit. During this entire encounter, Matthew remained fearful of Coreas' continued physical assault as Coreas shouted in Matthew's face and forcefully held Matthew's hands.



16.   Matthew was then placed on the floor, with his back (and hands) up against the wall. He sat on the floor hallway, up against the wall with his hands cuffed behind his back and bleeding. Unable to communicate, he was effectively gagged by the DPS officers. His ability to communicate was stifled.



17.     The CRE did not arrive until after Matthew had already been beaten, handcuffed and arrested.  DPS then called the Washington DC Metropolitan Police Department (MPD) to the scene.

18.     Based on the statements by the DPS Officers, Matthew was transferred into MPD custody and taken to Providence Hospital for medical assistance for the trauma to his face.

19.     After medical treatment, Matthew was held in jail for approximately 36 hours. During this detention, he was still unable to communicate with the jail staff and was not provided with an interpreter and he repeatedly asked for a paper and pencil, but those requests were ignored for over 20 hours into his detention.

20.     Matthew later learned that the DPS Officers arrested Matthew for Assault on a Police Officer, even though Matthew had never contacted either Officer Coreas or Palacios.

21.     On December 4, 2017, the U.S. Attorney's Office dropped the trumped-up, bogus charges.

22.     On April 24, 2018, the D.C. Superior Court made the following findings with respect to Defendants' arrest of Matthew:

> Defendant was arrested on December 3, 2017, for Assault on a Police Officer.  On December 4, 2017, the case was no papered.  On January 31, 2018, the defendant filed the instant motion.
>
> The Court credits defendant's version of the events that led up to defendant's arrest, and finds by a preponderance of the evidence that the defendant did not commit the offense for which the defendant was arrested.

### COUNT I – ASSAULT
### (All Defendants)

23.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

24.     By violently pushing and throwing Plaintiff into the wall Defendants, by and through their employees and/or agents who were acting within the scope of their employment, intended to create, and did create, a reasonable apprehension of imminent and harmful and/or offensive contact in Plaintiff.

25.     As a result of this apprehension of an imminent physical harm and/or offensive contact, Plaintiff suffered (and will continue to suffer in the future) pain, suffering, physical injury, emotional distress, humiliation, loss of dignity, and mental anguish.

26.     Defendants use of force against Matthew, which includes without limitation slamming Matthew's face into a wall, was both subjectively and objectively unreasonable, unjustified and excessive. Defendants did not have probable cause to handcuff, arrest, or use force against Matthew.

6

27.     WHEREFORE, Plaintiff demands judgment against Defendants, joint and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

### COUNT II – BATTERY
### (All Defendants)

28.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

29.     By violently pushing and throwing Plaintiff into a wall, Defendants by and through their employees and agents, who were acting within the course and scope of their employment, repeatedly and intentionally touched Plaintiff without Plaintiff's consent in a harmful and offensive manner.

30.     As a result of this harmful and offensive touching, Plaintiff suffered (and will continue to suffer in the future) pain, suffering, physical injury, emotional distress, humiliation, loss of dignity, and mental anguish.

31.     Defendants' use of force against Matthew, which includes without limitation slamming Matthew's face into a wall, was both subjectively and objectively unreasonable, unjustified and excessive. Defendants did not have probable cause to handcuff, arrest, or use force against Matthew.

32.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

7

**COUNT III**
**NEGLIGENCE**
**(All Defendants)**

33.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

34.     Defendants owed a duty to Plaintiff to exercise ordinary care in the performance of providing campus security at Gallaudet University; to act in a reasonable manner in carrying out their duties; to perform their duties using common sense; to provide needed medical care; and to control their campus security personnel to as to avoid injuring Plaintiff.

35.     Defendants breached this duty owed to Plaintiff by failing to exercise ordinary care in the performance of providing campus security at Gallaudet University; failing to act in a reasonable manner in carrying out their duties; failing to perform their duties using common sense; failing to provide medical care; and failing to control their campus security guards so as to avoid injuring Mr. Sherman.

36.     Plaintiff's negligence claim is distinct from his assault and battery claim and is based upon a factual scenario separate and apart from the use of excessive force. Defendants Palacios and Coreas violated the national standard of care by entering the dormitory room without having a  CRE or SRA present as required by the University policies.  The purpose of having a CRE or SRA present when DPS enters a dorm is so there is always an individual present that can sign and translate for the deaf students.   Defendants Palacios and Coreas further violated the standard of care when they entered the dorm room without having a CRE or SRA present, and knowing that they would be unable to communicate with the deaf students.  Defendants Palacios and Coreas further violated the standard of care by shouting in Matthew's face when Matthew asked, "Where is the CRE?"   CREs or SRAs are require to be present to provide comfort and

8

serve as a supervisor of the DPS' behavior around students to ensure that they follow the proper procedure.

37.    Defendants violated the national standard of care by entering the dorm room of deaf students when they were not trained in sign language or to how to interact with deaf students.

38.    Defendants further violated the national standard of care by physically attacking Matthew when he tried to communicate with the Officers using sign language.  In the alternative, Defendants Palacios and Coreas violated the standard of care by perceiving Matthew's use of sign language in a threatening manner.

39.    Defendants violated the national standard of care by shoving Matthew's face first into the wall in violation of D.C. Code § 5-125.02 without first giving Matthew instructions to leave the dorm room.

40.    Defendants violated the national standard of care by shouting (presumably instructions) in Matthew's face knowing that Matthew could not hear, understand, or comprehend what Defendants were saying.

41.    Defendants violated the national standard of care by failing to provide Matthew medical attention and ignoring his medical needs, despite the fact that he was bleeding from his head and clearly in need of medical assistance.

42.    Defendants violated the national standard of care by handcuffing Matthew's hands behind his back even though sign language was his only way to communicate.

43.    Defendants violated the national standard of care by forcefully grabbing Matthew's hands, which prevented him from communicating.

44.    As a direct and proximate result of the above-referenced breach of duty by Defendants, Plaintiff suffered serious bodily injuries; suffered great physical pain, suffering,

9

emotional distress, and mental anguish; will continue to suffer great physical pain, suffering, and mental anguish in the future; incurred medical and other related expenses; will continue to incur medical and other related expenses in the future; lost wages; and suffered other damages.

45.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

## COUNT IV
## NEGLIGENT HIRING, TRAINING, AND SUPERVISION
### (Gallaudet University Only)

46.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

47.     Defendant Gallaudet University had a duty to train its employees and to supervise their employees.  The Gallaudet University breached its duty to exercise reasonable care by acting negligently and recklessly in the following specific respects and without limitation:

    a.  Failing to provide formal training to the campus security guards;

    b.  Failing to supervise the security guards working at the Unversity on December 3, 2017;

    c.  Failing to adopt policies for its employees to ensure that students are not attacked and subject to excessive force;

    d.  Hiring campus security guards with violent tendencies and/or lack sufficient experience in interacting with deaf students;

    e.  Failing to conduct background checks prior to hiring security personnel;

    f.  Failing to discipline employees for using excessive force and/or injuring students;

    g.  Failing to terminate campus security guards that use excessive force and/or injure students;

    h.   Failing to train campus security guards to use sign language when interacting with deaf students;

    i.   Failing to hire campus security guards that are proficient in using sign language;

    j.   Failing to supervise campus security guards that cannot communicate with students using sign language; and,

    k.   Failing to have a CRE or SRA present during the attack and false arrest against Plaintiff on December 3, 2017.

48.    At all times relevant, Defendant Gallaudent University knew, or should have known, that: Defendants Coreas could not communicate with the deaf students; was not trained to interact with the deaf students; was not properly trained to effectuate arrests of deaf students; and was not properly trained in the use of force.

49.    It was foreseeable to Defendant Gallaudent University that the failure to train and supervise its employees, would result in injuries to students, such as Mr. Sherman, and cause those students harm. As a direct and proximate result of the Defendants' failure to exercise due care, Plaintiff has suffered and will continue to suffer much physical pain and mental anguish; has incurred medical expenses and will continue to incur medical expenses; and has suffered and will continue to suffer mental and physical pain, and emotional distress.

50.    WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (All Defendants)

51.    Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

52.     The assault and battery committed by the DPS (within the scope and agency of their employment by Defendant Gallaudent University) as described above constituted extreme and outrageous conduct.

53.     By committing this extreme and outrageous conduct, Defendants intentionally and/or recklessly caused Plaintiff to suffer severe emotional distress.

54.     Matthew has suffered severe emotional distress. Since he was assaulted and battered by Defendants, Matthew has become withdrawn, socially isolated, his school work performance has declined, and he as suffered from depression.

55.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

## COUNT VI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (All Defendants)

56.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

57.     At all times relevant during the commission of the negligent acts described above, Mr. Sherman was in the zone of physical danger.

58.     As a result of Defendants' negligence, Mr. Sherman feared for his own safety and suffered severe emotional distress.

59.     At all times relevant, Defendants had a special relationship with their student, Matthew, and as a University, Defendant Gallaudet University, had undertaken an obligation to Matthew that necessarily implicated Matthew's emotional well-being.  Gallaudet represents itself as "the premier institution of learning, teaching and research for deaf and hard-of-hearing

students."[1]  Gallaudet further promotes itself "as a primary resource for all things related to deaf people, including educational and career opportunities; open communication and visual learning; deaf history and culture; American Sign Language; and the impact of technology on the deaf community."[2]  Gallaudet claims that it maintains "an environment in which research can grow, develop, and improve the lives and knowledge of all deaf and hard of hearing people worldwide."[3]  Gallaudet has undertaken an obligation to its students, such as Matthew, to provide an environment where its deaf students are able to communicate with administrative staff and security personnel through sign language and to thrive in a deaf community.  Given this special relationship with its students, Gallaudet knew that employing the use of force and effectuating arrests without providing its student the ability to communicate with the arresting police officers would result in emotional distress for its students, such as Matthew.   Similarly, Gallaudet knew that handcuffing its students, who can only communicate through sign language, would result in emotional distress for its students such as Matthew.

60.     Matthew has suffered serious and verifiable emotional distress.  Since he was assaulted and battered by Defendants, Matthew has become withdrawn, socially isolated, his school work performance has declined, and he as suffered from depression.

61.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

---

[1]     https://www.gallaudet.edu/about/who-we-are .
[2]     https://www.gallaudet.edu/about/history-and-traditions
[3]     https://www.gallaudet.edu/student-affairs/student-handbook/gallaudet-mission-and-vision-statement

13

## COUNT VII
## FALSE ARREST AND FALSE IMPRISONMENT
### (All Defendants)

62.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

63.     Defendants unlawfully deprived Mr. Sherman of his liberty by: (1) handcuffing him; (2) holding his hands to prevent him from communicating via sign language; (3) pushing him into the wall and then down to the floor; (4) falsely arresting him; and (5) placing him in a jail cell where he was restrained against his will. The arrest and detention was unlawful as Defendants had no legal justification for detaining Mr. Sherman.

64.     Defendants arrested Matthew for "assaulting a police officer" even though Defendants did not possess any evidence that Matthew assaulted a police officer.  Defendants also arrested Matthew without a warrant and without probable cause that Matthew committed the charge of assaulting a police offer.

65.     As a direct and proximate result of Defendants' unlawful detention and false imprisonment, Mr. Sherman suffered and continues to suffer damages in an amount to be proven at trial.

66.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

## COUNT VIII
## ABUSE OF PROCESS
### (All Defendants)

67.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

68.     Defendants abused and perverted the criminal process by initiating the criminal charges for assault on a police officer by acting with the ulterior motive to cover up their misconduct, assault, and battery against Mr. Sherman.

69.     Defendants used criminal process against Matthew in order to intimidate Matthew from asserting his rights against Defendants (including without limitation, his right to have a CRE present during the encounter with DPS and his First Amendment right to communicate with Defendants), cover up Defendants' wrongdoing, and avoid civil and criminal liability for Defendants' acts.

70.     The process was instituted by Defendants to achieve a result, not regularly or legally obtainable to Defendants—the prosecution of Mr. Sherman for assault on a police officer even though Mr. Sherman committed no such act.  Defendants filed false charges that resulted in the false arrest of Mr. Sherman.  Defendants' subversion of the criminal process is demonstrated by the fact that the U.S. Attorney's Office "no papered" the criminal case on December 4, 2017 and the fact that the D.C. Superior Court "credit[ed Mr. Sherman's] version of the events that led up to the [his] arrest, and f[ound] by a preponderance of the evidence that [Mr. Sherman] did not commit the offense" for which he was arrested.

71.     As a direct and proximate result of Defendants' abuse of process, Mr. Sherman suffered and continues to suffer damages in an amount to be proven at trial.

72.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

## COUNT IX
## MALICIOUS PROSECUTION
### (All Defendants)

73.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

74.     Defendants maliciously initiated a criminal action against the Plaintiff by charging Plaintiff with assault on a police officer despite the fact that Mr. Sherman never touched or threatened Officer Coreas and Palacios. Defendants brought the false charge against Mr. Sherman in an effort to cover up their misconduct, assault, and battery against Mr. Sherman.

75.     Defendants lacked probable cause to initiate the criminal action.

76.     Defendants' initiation of the criminal case caused the arrest and seizure of Mr. Sherman which caused him injury.

77.     The criminal action was terminated in favor of Mr. Sherman as the U.S. Attorney's Office "no papered" the case on December 4, 2017. The D.C. Superior Court "credit[ed Mr. Sherman's] version of the events that led up to the [his] arrest, and f[ound] by a preponderance of the evidence that [Mr. Sherman] did not commit the offense" for which he was arrested.

78.     Specifically, the criminal action was terminated in Matthew's favor on April 24, 2018, when the D.C. Superior Court made the following findings:

    Defendant was arrested on December 3, 2017, for Assault on a Police
    Officer.  On December 4, 2017, the case was no papered.  On January 31,
    2018, the defendant filed the instant motion.

    The Court credits defendant's version of the events that led up
    to defendant's arrest, and finds by a preponderance of the evidence
    that the defendant did not commit the offense for which the
    defendant was arrested.

16

. . . .

FURTHER ORDERED, pursuant to D.C. Code § 16-802(h), that the United States Attorney's Office, the law enforcement agency responsible for defendant's arrest, the Metropolitan Police Department, the Federal Bureau of Investigation, the Pretrial Services Agency, the D.C. Department of Corrections, and the Court Services and Offender Supervision Agency, shall seal any record that identifies the defendant as having been arrested, prosecuted, or convicted in this case; and it is

. . . .

FURTHER ORDERED that the defendant shall be restored, in the contemplation of the law, to the status the defendant occupied before being arrested or charged in this case, and that the defendant may not be found guilty of perjury or giving a false statement by reason of the defendant's failure to recite or acknowledge defendant's arrest, charge, or trial in this case, in response to any inquiry made of the defendant for any purpose.

MAGISTRATE JUDGE RENEE RAYMOND
SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA

79.    As a direct and proximate result of Defendants' malicious prosecution, Mr. Sherman suffered and continues to suffer damages in an amount to be proven at trial.

17

80.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and

severally, for compensatory and punitive damages, as well as costs, fees and pre and post

judgment interest and such further relief the Court deems just and proper.

### COUNT X
### 42 U.S.C. § 1983 Claims for Violations of Plaintiff's
### Fourth Amendment Right to be Free from Excessive Force and Unlawful Seizures
### (All Defendants)

81.     Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth

herein.

82.     Defendants acted under color of law and acted, or purported to act, in the

performance of official duties under federal, state, county or municipal laws, ordinances, or

regulations.  In their Motion to Dismiss, Defendants admit that Defendants Palacios and Coreas

are special police officers that have the "same arrest capabilities…as MPD officers have within

the District." As special police officers commissioned under D.C. Code § 5–129.02, Defendant

Coreas and Palacio acted under the color of state law.

83.     Defendants deprived Matthew of his Fourth Amendment right to be free from

excessive force when Defendants intentionally committed the following acts: (1) handcuffing

Matthew; (2) holding Matthew's hands to prevent him from communicating via sign language;

and (3) slamming Matthew's face into the wall.

84.     Defendants further deprived Matthew of his Fourth Amendment right to be free

from unlawful seizures because Defendants arrested Matthew without having probable cause to

do so. Specifically, Defendants arrested Matthew for assault on a police officer despite the fact

that there was no evidence that Matthew assaulted a police officer. This is especially true given

the judicial finding that Matthew did not commit the offense for which he was arrested.

85.     Defendant Gallaudet University has a custom, policy, and practice of:

       a.   using excessive force in arresting students;

       b.   arresting students without probable cause to do so;

       c.   hiring officers that cannot communicate via sign language;

       d.   failing to train officers to use sign language; and,

       e.   handcuffing students hands behing their back when conducting arrests that deprive students of their ability to communicate.

86.     Defendant Gallaudet University's customs, policies, and practices detailed in ¶ 85(a)-(e) were the direct and proximate cause of the violation of Plaintiff's constitutional rights and his injuries.

87.     Defendant Palacio holds supervisory position with the Department of Public Safety at Gallaudet University. During all times relevant herein, Defendant Palacio was responsible for supervising Defendant Coreas. Defendant Coreas acted with impunity in an environment in which he was not adequately trained, supervised or disciplined by Defendant Palacios and Gallaudet University, both in this case and as a a matter of practice and custom.

88.     Defendants Palacios and Gallaudet University acted recklessly and with deliberate indifference to Plaintiff's constitutional rights by failing to adequately train, supervise and disciplie Defendant Coreas. This resulted in Defendant Coreas depriving Plaintiff of his clearly established constitutional rights, including his rights to be free from unreasonable search and seizures, false arrest, false imprisonment, malicious prosecution, and deprivation of liberty without due process of law. Defendant Palacios was personally involved in the arrest of Matthew and directly supervised the assault on Matthew and subsequent arrest of Matthew. No reasonable police supervisor would have believed the reckless and deliberately indifferent supervision in the face of actual, or constructive notice, of misconduct by his or her subordinate officer was lawful.

89.     Defendants' conduct violated clearly established constitutional rights of which Defendant knew, or of which a reasonable public official and/or officer should have known.

90.     These violations are compensable pursuant to 42 U.S.C. § 1983. As a direct and proximate result of the Defendant's conduct, Plaintiffs' have suffered economic damages and significant emotional harm.

91.     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

**COUNT XI**
**42 U.S.C. § 1983 Claims for Violations of Plaintiff's**
**Fourth  and Fifth Amendment Rights to be Free from Malicious Prosecution**
**(All Defendants)**

92.     Plaintiff incorporates the foregoing paragraphs by reference as if set forth fully herein.

93.     Defendants acted under color of law and acted, or purported to act, in the performance of official duties under federal, state, county or municipal laws, ordinances, or regulations.  In their Motion to Dismiss, Defendants admit that Defendants Palacios and Coreas are special police officers that have the "same arrest capabilities…as MPD officers have within the District." As special police officers commissioned under D.C. Code § 5–129.02, Defendant Coreas and Palacio acted under the color of state law.

94.     Defendants acting individually and in concert with malice and knowing that probable cause did not exist to arrest Plaintiff for "assault on a police officer," intentionally caused Plaintiff to be arrested, charged, and imprisoned for that crime, thereby violating Plaintiff's right under the Fourth and Fifth Amendments to be free from prosecution without probable cause.

95.     Upon information and belief, Defendants, acting individually and in concert,

20

fabricated evidence, intentionally filed an arrest report containing false information, intentionally

filed a "Gerstein Affidavit" containing false information, intentionally withheld and misrepresented

exculpatory evidence, and intentionally failed to investigate and follow up on exculpatory evidence –

all of which resulted in Plaintiff's arrest and detention without probable cause.

96.      Defendants performed the above-described acts under color of state law,

intentionally, with reckless disregard for the truth, and with deliberate indifference to Plaintiff's

clearly established constitutional rights. No reasonable police officer would have believed this

conduct was lawful.

97.      The acts and omissions by Defendants described in the preceding paragraphs were the

direct and proximate cause of Plaintiff's injuries because the Defendants knew, or should have

known, that their conduct would result in the wrongful arrest and incarceration of Plaintiff.

98.      These violations are compensable pursuant to 42 U.S.C. § 1983. As a direct and

proximate result of the Defendant's conduct, Plaintiff has suffered economic damages and

significant emotional harm.

## COUNT XII
### Violation of the Americans with Disabilities Act, Title II and III
### (All Defendants)

99.      Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth

herein.

100.     Defendants willfully and intentionally discriminated against Plaintiff because of

his disability, deafness, by refusing to modify their policy and practice, and thereby failing to

provide Plaintiff a qualified sign language interpreter during his arrest and detention.

101.     Defendants willfully and intentionally discriminated against Plaintiff because of

his disability, deafness, by refusing to modify their policy and practice, and thereby handcuffing

Plaintiff's hands behind his back, making it impossible for him to communicate during his arrest

and detention.

102.    Defendants willfully and intentionally discriminated against Plaintiff because of his disability, deafness, by refusing to modify their policy and practice, and by failing to provide Plaintiff with a pad and paper, or any other auxiliary aid during his arrest and detention.

103.    Defendants' actions and omissions were in violation of Plaintiff's rights under the American with Dsaibilities Act, 42 U.S.C. § 12101, *et seq.*

104.    WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, injunctive and declaratory relief, as well as costs, fees and pre and post judgment interest and such further relief the Court deems just and proper.

## PRAYER FOR RELIEF

Plaintiff prays for relief in the form of a judgment against Defendants jointly and severally awarding Plaintiff: (1) compensatory and punitive damages; (2) his costs, expenses and attorney's fees; (3) injunctive relief enjoining Gallaudet from further violating the ADA; ; (4) all legal or equitable relief available; (5) pre-and post-judgment interest; and (6) any other relief the Court deems proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury with respect to each claim in this Amended Complaint.

Respectfully submitted,

KLAPROTH LAW PLLC

BY:    */s/ Brendan J. Klaproth*
Brendan J. Klaproth (D.C. Bar No. 999360)
406 5th Street NW
Suite 350
Washington, DC 20001

Telephone: 202-618-2344
Email: Bklaproth@klaprothlaw.com

AND:

SCROFANO LAW PC

/s/ Christopher J. Mutimer

Christopher J. Mutimer, Esq.
406 5th Street NW
Suite 130
Washington, DC 20001
Ph: (202) 670-2390
cjm@scrofanolaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 25, 2019, I electronically served the foregoing via the Court's electronic filing system to counsel of record for all parties who have appeared.

/s/ Brendan J. Klaproth
Brendan J. Klaproth

23

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MATTHEW SHERMAN

    Plaintiff,

    v.

GALLAUDET UNIVERSITY, et al.,

    Defendants.

2018 CA 007735 B

Judge Yvonne Williams

## ORDER GRANTING JOINT MOTION TO CONTINUE SCHEDULING CONFERENCE AND TO EXTEND TIME TO RESPOND PLAINTIFF'S AMENDED COMPLAINT

Before the Court is the Parties' Joint Motion to Continue Scheduling Conference and to Extend Time to Respond to Plaintiff's Amended Complaint filed on January 29, 2019. Because both parties consent, and for good cause shown, the Motion shall be **GRANTED**.

On November 4, 2018, Plaintiff filed this action asserting claims against Defendants. Defendants were granted until January 11, 2019 to respond to Plaintiff's Complaint. Defendants timely filed their Motion to Dismiss on January 11, 2019. Plaintiff amended his Complaint in response to the Defendants' Motion to Dismiss on January 25, 2019, raising for the first time claims under 42 U.S.C. § 1983 and Titles II and III of the Americans with Disabilities Act.

Due to the amended pleadings, Defendants seek the opportunity to remove this action to federal court. To conserve judicial resources, Parties request to continue the Scheduling Conference until March 8, 2019, and an extension for time to respond to Plaintiff's Amended Complaint until February 25, 2019

Therefore, it is on this 30th day of January, 2019, hereby

**ORDERED** that the Joint Motion to Continue Scheduling Conference shall be **GRANTED**; and it is further

**ORDERED** that the Scheduling Conference date of February 1, 2019 shall be

**VACATED**; and it is further

ORDERED that the Scheduling Conference shall be held on March 8, 2019 at 9:30 a.m.

in Courtroom 518; and it is further

**ORDERED** that the Defendants shall have until February 25, 2019 to file a response to

Plaintiff's amended Complaint.

Judge Yvonne Williams

Date: January 30, 2019

Copies to:

Brendan J. Klaproth
Klaproth Law PLLC
406 5th St. NW, Suite 350
Washington, DC 20001
*Counsel for Plaintiff*

Christopher J. Mutimer
Scrofano Law PC
406 5th St. NW, Suite 130
Washington, DC 20001
*Counsel for Plaintiff*

Jason R. Waters
Kelly E. Dubois
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
8444 Wastpark Dr., Suite 510
McLean, VA 22102
*Counsel for Defendants*

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| MATTHEW SHERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | **2018 CA 7735 B** |
| | ) | |
| | ) | **Judge Yvonne M. Williams** |
| v. | ) | |
| | ) | **Next Event: Initial Conference,** |
| GALLAUDET UNIVERSITY, et al., | ) | **March 8, 2019, 9:30 AM** |
| | ) | |
| Defendants. | ) | |
| | ) | |

### NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT

Dear Clerk:

**PLEASE TAKE NOTICE** that Defendants Gallaudet University, Nathanial Palacios, and Kevin Coreas, by their undersigned counsel, have filed a Notice of Removal in the above-captioned civil action from the District of Columbia Superior Court to the United States District Court for the District of Columbia.

A copy of the Notice of Removal filed in Federal court is attached hereto.

Date: February 22, 2019

GALLAUDET UNIVERSITY
NATHANIEL PALACIOS
KEVIN COREAS
By Counsel

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP


_____/s/_____
Jason R. Waters, DC Bar No. 491066

1

846449v.1

Kelly E. DuBois, DC Bar No. 1013713
8444 Westpark Drive, Suite 510
McLean, Virginia 22102
(703) 245-9300
(703) 245-9301 (facsimile)
jason.waters@wilsonelser.com
kelly.dubois@wilsonelser.com
*Counsel for Defendants Gallaudet University,*
*Nathaniel Palacios, and Kevin Coreas*

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2019, a copy of the foregoing Notice of Filing

Notice of Removal to Federal Court was served via CaseFileXpress to Counsel for Plaintiff at:

Brendan J. Klaproth
Klaproth Law PLLC
406 5th Street NW, Suite 350
Washington, DC  20001
Telephone: 202-618-2344
Email: Bklaproth@klaprothlaw.com

Christopher J. Mutimer
Scrofano Law PC
406 5th Street NW, Suite 130
Washington, DC 20001
Telephone: 202-670-2390
Email: cjm@scrofanolaw.com
*Attorneys for Plaintiff*

_____/s/_____
Jason R. Waters